UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

**CIVIL ACTION NO. 08-147-DLB**

**JAMES M. COMBS**                                                                                              **PLAINTIFF**

**vs.**                              **MEMORANDUM OPINION & ORDER**

**MICHAEL J. ASTRUE, Commissioner**
**SOCIAL SECURITY ADMINISTRATION**                                                        **DEFENDANT**

\* \* \* \* \* \* \*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and the parties' dispositive motions, will affirm the Commissioner's decision, as it is supported by substantial evidence.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff James Combs filed applications for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI) payments on January 17, 2006. (Tr. 15, 31, 38-43). At the time of filing, Plaintiff was 52 years old and alleged a disability onset date of May 23, 2005. (Tr. 19, 38). He alleges that he is unable to work due to persistent back pain and a heart condition. (Tr. 54). His applications were denied initially and on reconsideration. (Tr. 31-37). At Plaintiff's request, an administrative hearing was conducted on October 22, 2007, by Administrative Law Judge (ALJ) Ronald M. Kayser. (Tr. 251-73). On February 6, 2008, the ALJ ruled that Plaintiff was not disabled and therefore not entitled to DIB or SSI payments. (Tr. 15-23). This decision became the final

decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on April 22, 2008. (Tr. 6-8).

On May 13, 2008, Plaintiff filed the instant action. (Doc. #2). The matter has culminated in cross-motions for summary judgment, which are now ripe for adjudication. (Docs. #10, 11).

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). Moreover, even if there is evidence favoring Plaintiff's side, the Commissioner's findings must be affirmed if supported by substantial evidence. *Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). Similarly, an administrative decision is not subject to reversal merely because substantial evidence would have supported the opposite conclusion. *Smith v. Chater*, 99 F.3d 780, 781 (6th Cir. 1996).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments, alone or in combination, are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform her past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.    The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff has not engaged in substantial gainful activity since his alleged onset date. (Tr. 17). At Step 2, the ALJ found that Plaintiff's chronic low back pain resulting from his lumbar degenerative disc disease, history of coronary artery disease, and mild chronic obstructive pulmonary disease constitute severe impairments. (Tr. 17). At Step 3, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 17-18). The ALJ's latter determination was based on the absence of any evidence in the record by a treating physician or medical expert that Plaintiff's impairments–singly or in combination–met any listed impairment. (Tr. 18).

At Step 4, the ALJ found that Plaintiff possessed the residual functional capacity (RFC) to perform the exertional requirements of a limited range of light work, with additional postural limitations. (Tr. 20). Specifically, the ALJ found that Plaintiff has the residual capacity to occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds.

(Tr. 18).  He can stand and/or walk for 6 hours in an 8-hour work day, and sit up to 6 hours in an 8-hour work day with no limits on pushing and/or pulling.  (Tr. 18).  The Plaintiff can occasionally climb ladders, ropes and scaffolds and can frequently climb ramps and stairs. (Tr. 18). The ALJ further found that Plaintiff should avoid concentrated exposure to extreme cold and heat as well as whole body vibrations.  (Tr. 18).

Based upon this RFC, the ALJ determined that Plaintiff is unable to perform his past relevant work as a town marshal, a line factory assembler, a forklift operator, or as a packer. (Tr. 21).  At Step 5, the ALJ appropriately considered the Plaintiff's age, education, work experience, and RFC in conjunction with the Medical-Vocational Guidelines, and concluded that there exist a significant number of jobs in the national economy Plaintiff can perform despite his postural limitations including occupations such as housekeeping, light factory worker, gate keeper, and dispatcher.  (Tr. 21-22).  Therefore, the ALJ found that Plaintiff is not disabled as that term is defined under the Social Security Act.  (Tr. 22).

**C.   Analysis**

Plaintiff's sole contention on appeal is that the ALJ's hypothetical question, posed to the vocational expert (VE) at Plaintiff's administrative hearing, failed to accurately portray his physical impairments.  Plaintiff argues that the hypothetical question did not reflect all of the limitations imposed by the one-time consultative examiner, Dr. W.R. Stauffer. Specifically, the Plaintiff asserts that the ALJ inappropriately omitted the following exertional limitation articulated in Dr. Stauffer's consultative report: "push and pull probably unlimited, although he might have difficulty with repetitive movement with his lower extremities."  (Tr. 195).

4

In his hypothetical to the VE, the ALJ asked whether an individual with "no limits in pushing and pulling" would affect that individual's ability to perform a job classified as light work; the ALJ's question omitted any reference to an individual who "might have difficulty with repetitive movement with his lower extremities." (Tr. 270-71). Plaintiff contends this omission–without explanation–violated Social Security Ruling 96-8p, which requires an adjudicator to explain his or her RFC assessment if it conflicts with an opinion from another medical source. The Court disagrees. The ALJ complied with SSR 96-8p's requirement when he articulated and relied upon not only the findings of the consultative examiner's report, but also the findings of Plaintiff's treating physicians and the Disability Department Services (DDS) physicians. (Tr. 19-20). The ALJ, for example, relied upon the findings of one of Plaintiff's treating physicians, Dr. El Kallini, who treated the Plaintiff in June 2005 soon after his claimed injury. (Tr. 19). Dr. Kallini determined that the claimant would be "able to do light work...his gait and station were unremarkable." (Tr. 19). After review of the record, the ALJ found that "none of the claimant's treating physicians...enumerated any specific physical limitations." (Tr. 20). The DDS physicians, moreover, determined that "the claimant is capable of light exertional work with postural limitations" and made no reference to any exertional limitations. (Tr. 20). The ALJ found both the treating physician and the DDS physicians' assessments credible and consistent with the evidence found in the record. (Tr. 20). The ALJ's above-noted references establish that Dr. Stauffer's assessment of the Plaintiff's physical condition was balanced against competing objective evidence in the record from treating physicians and DDS physicians.

Social Security Ruling 96-8p ensures that ALJs sufficiently provide claimants the basis for their findings. If their findings conflict with a medical source opinion, the conflict must be explained in the administrative decision. That being said, to comport with the ruling, an ALJ's departure from a medical source opinion can be adequately explained by the ALJ's reliance on other medical expert opinion, especially when the ALJ's opinion particularly relies on the assessment of the Plaintiff's treating physicians, as was the case herein. (Tr. 19-21). *See* SSR 96-8p.

In his decision, the ALJ explained that he relied on Dr. Stauffer's own assessment that Plaintiff's "motor strength in both hands for grip and both upper and lower extremities was 5/5" and that Dr. Stauffer believed the Plaintiff could "perform light exertional work." (Tr. 20). Plaintiff, however, maintains this explanation was inadequate because it failed to acknowledge and include in the hypothetical to the VE Dr. Stauffer's exertional limitation articulated later in his report. Plaintiff argues the ALJ was obligated to include this was as obligated to include this limitation because the ALJ is a "layperson" unqualified to "interpret raw data in a medical record."[1] (Doc. #10-2 at 4). Plaintiff's claim, however, does not cogently address what he is arguing: namely, that the ALJ failed to comply with SSR 96-8p. Surely, Dr. Stauffer's finding that the Plaintiff's motor strength for his lower extremities was unimpaired adequately explains why the ALJ chose not to include the exertional limitation in his hypothetical to the VE. It is clear that the ALJ resolved the inconsistency in Dr. Stauffer's report after properly weighing all the evidence included in the record. The ALJ's

---

[1] Plaintiff asserts this argument in a footnote after stating in the body of his motion "the ALJ did not address in his decision the conflict contained in the ALJ's residual functional capacity assessment with the pertinent limitation opined by Dr. Stauffer." (Doc #10-2 at 3).

6

disability determination was consistent with the regulations' mandate to "weigh all the evidence" "if any of the evidence in [Plaintiff's] case record, including medical opinion(s), is inconsistent with other evidence." 20 C.F.R. §§ 416.927(c)(2), 404.1527(c)(2).

What Plaintiff seems to be arguing is that the ALJ–as an unqualified layperson–was not at liberty to determine that Dr. Stauffer's assessment of motor strength was substantial evidence sufficient to support a ruling that Plaintiff is not disabled. In making his argument, Plaintiff relies on the First Circuit opinion in *Manso-Pizarro v. Secretary of Health and Human Services*, 76 F.3d 15 (1st Cir. 1996). *Manso-Pizarro*, however, is not only factually distinguishable from the instant action, but it is also not binding on the Court. In *Manso-Pizarro*, the First Circuit vacated and remanded an ALJ's opinion where the illegibility of medical records and the ALJ's failure to consult a medical expert to ascertain whether the claimant had the RFC to return to her former work cast doubt on the ALJ's disability determination. *Id.* at 19.

In the instant action, the ALJ did not interpret raw data. Rather, the ALJ performed his proper role by weighing the evidence and identifying inconsistencies in the record. The ALJ was well within his discretion to find that Dr. Stauffer's assessment was inconsistent with record evidence, especially in light of the inconsistencies regarding exertional limitations within Dr. Stauffer's own report. (Tr. 194-95). A review of the record in conjunction with the ALJ's written opinion leads this Court to conclude that the ALJ's finding of "not disabled" was supported by substantial evidence.

## III. CONCLUSION

Therefore, for the reasons stated herein, the Court concludes that the ALJ's RFC determination and his finding that the Plaintiff is not disabled is supported by substantial evidence.  Accordingly,

**IT IS ORDERED as follows:**

1. The decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

2. Plaintiff's Motion for Summary Judgment (Doc. #10) is hereby **DENIED**;

3. Defendant's Motion for Summary Judgment (Doc. #11) is hereby **GRANTED**;

4. A judgment affirming this matter will be entered contemporaneously herewith.

This 15th day of September, 2009.



Signed By:
*David L. Bunning*
United States District Judge

G:\DATA\SocialSecurity\MOOs\6-08-147-CombsMoo.wpd